UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HOWARD HALL,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No.  2:22-cv-1722 DJC CKD P<br><br><br><br>ORDER |

Petitioner is a California prisoner proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The operative petition is the first amended petition filed February 14, 2023.  Petitioner presents three grounds for relief.

Respondent has filed a motion to dismiss for failure to exhaust state court remedies as to ground 3, in which petitioner asserts his trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment by not asserting double jeopardy.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas

/////

corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

A review of the record reveals petitioner has not presented claim in ground 3 to the California Supreme Court. Therefore, the amended petition is mixed, containing both exhausted and unexhausted claims, and petitioner cannot proceed.

Petitioner has three options. First, he may file a second amended petition omitting any claims about which he has not exhausted state court remedies and this court will proceed on that petition. Second, he may seek a stay under Rhines v. Weber, 544 U.S. 269 (2005) while he exhausts state court remedies. In order to obtain a stay under Rhines, petitioner must show (1) good cause for his failure to previously exhaust state court remedies, and (2) any unexhausted claim is potentially meritorious. Rhines v. Weber, 544 U.S. at 278. Third, petitioner may file a second amended petition omitting any unexhausted claims and request a stay of the petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) until state court remedies have been exhausted as to all claims.

Petitioner is cautioned that if he chooses to proceed now on a second amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 12) is denied as moot. Respondent need take no further action in this case without further instruction from the court.

/////

2. Petitioner is granted 30 days to proceed in one of the three manners described above. Petitioner's failure to avail himself of any option within 30 days will result in a recommendation that his amended habeas petition be dismissed and this case be closed.

Dated: October 12, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hall1722.mixed